UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION, | * * * * | |
| Plaintiff | * * | |
| v. | * * | CIVIL NO. L-10-1271 |
| STEPHEN S. PHIPPS, et al. | * * | |
| Defendants | * | |

*******

## MEMORANDUM

This case arises from a purchase money loan for certain real property located in Anne Arundel County, Maryland. The Bank of New York Mellon Trust Co. (the "Bank of New York" or the "Bank") filed this action to establish that it holds a lien against the property and that its lien has priority over two federal tax liens (the "IRS Liens"). The case centers on the Bank of New York's allegation that the purchase money lender mistakenly omitted one of the two purchasers from a Note and Deed of Trust that the Bank now holds.

Pending is the United States' Motion to Dismiss. (Docket No. 11). The Government argues that, under the operative statutes, the Bank's lien cannot take priority over the IRS liens. The Motion is fully briefed, and the Court held a hearing on March 15, 2011. For the reasons stated below, the Court will, by separate Order of even date, GRANT the Motion. Further, because the United States will be dismissed from the Case, the Court will DIRECT the Bank and the United States to jointly prepare a remand order so that the case can be remanded to the Circuit Court for Anne Arundel County, Maryland.

**I.     Background**

The essential facts alleged in the Bank's Complaint are as follows. On May 10, 2005, Stephen Phipps executed a Promissory Note and Deed of Trust for certain property located in Anne Arundel County, Maryland. Although the Deed lists Phipps and Bradley Herrell as joint tenants with the right of survivorship, the Promissory Note and Deed of Trust name Phipps as the only borrower and grantor. Herrell did not sign or otherwise acknowledge the Note or Deed of Trust.

On August 10, 2009 and March 3, 2010, the United States filed notice of federal tax liens against Herell in the Circuit Court for Anne Arundel County. After the United States filed its notice of liens, the Bank brought the instant action in the Circuit Court for Anne Arundel County. The Bank has filed suit against Phipps, Herrell, and the United States. It seeks for the Court, <u>inter alia</u>, to reform the Deed of Trust <u>nunc pro tunc</u> to include Herrell's interest or, in the alternative, to impose an equitable lien against the property that is retroactive to the date of purchase.

The United States removed to this Court on March 17, 2010 and subsequently filed the pending Motion. The Government argues that the Bank's claim should be dismissed under Rule 12(b)(6) because, under the facts alleged, the Bank cannot establish priority over the IRS liens.

**II.    Discussion**

    **A.     Standard**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead plausible, not merely conceivable, facts in support of his claim. <u>See</u> <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007). The complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> at 1965. The court

must, however, "assume the veracity [of well-pleaded factual allegations] and then determine whether they plausibly give rise to an entitlement of relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

**B.    Analysis**

**1.    Motion to Dismiss**

Federal law determines the priority of liens competing with a federal tax lien. E.g., Aquilino v. United States, 363 U.S. 509, 512 (1960). Generally, "the basic priority rule of 'first in time, first in right' controls." Texas Commerce Bank-Fort Worth, N.A. v. United States, 896 F.2d 152, 161 (5th Cir. 1990). Under the Tax Code, a federal tax lien will "not be valid as against any . . . holder of a security interest . . . until notice . . . has been filed by the Secretary." 26 U.S.C. § 6323(a). Thus, the Fourth Circuit has explained that a federal tax lien takes priority over a previously recorded Deed of Trust unless the Deed of Trust "qualifies as a security interest under the Tax Code." United States v. 3809 Crain Ltd. P'ship, 884 F.2d 138, 142 (4th Cir. 1989).

A creditor possesses a security interest under the Tax Code when "the interest has become protected under <u>local law</u> against a subsequent judgment lien arising out of an unsecured obligation." 26 U.S.C. § 6323(h)(1)(A) (emphasis added). In Maryland, a deed of trust must list all grantors, and it is not effective until the last grantor acknowledges the deed. Md. Code Ann., Real Prop. §§ 4-101(a)(1); 3-201 (West 2010).

Here, it is undisputed that Herrell has not signed or otherwise acknowledged the Deed of Trust, even though he and Phipps are Joint Tenants. Thus, the Bank seeks for the Court to amend the Deed of Trust <u>nunc pro tunc</u> to reflect Herrell's interest in the property. Under the Internal Revenue Service's regulations, however, a security interest cannot relate back to a date

3

earlier than the date when the interest is actually perfected. See 26 C.F.R. § 301.6323(h)-1(a)(2) (2011). The regulations specifically provide that a security interest's effective date must be determined "without regard to any rule or principle of local law which permits the relation back of any requisite action to a date earlier than the date <u>on which the action is actually performed</u>." Id. (emphasis added).

Therefore, assuming <u>arguendo</u> that the Bank prevails against Herrell and that the Deed of Trust is amended, the corrected Deed of Trust will not become effective until some date in the future. Thus, the IRS liens will still have priority. See <u>Metropolitan Bank v. United States</u>, 901 F.2d 1297, 1301 (5th Cir. 1990) ("Because the <u>corrected</u> deed of trust was not filed until <u>after</u> the federal tax liens were filed, the issue before us is whether the Bank held a [security] interest under the <u>original</u> deed of trust" (emphasis added)).

The Bank also cannot prevail by resorting to equitable principles. As mentioned above, the Note and Deed of Trust were executed only by Phipps. Herrell did not sign the Deed of Trust, and he was not named in the Deed of Trust as a borrower or given a signature line. Assuming <u>arguendo</u> that the Bank acquires an equitable mortgage, or that the Bank is equitably subrogated to an earlier creditor's interest, the United States could not have had notice of the Bank's equitable lien when it recorded the IRS liens. Therefore, the Government's lien would still take priority.

Further, the Bank cannot rely on a relation back theory to give an equitable mortgage or equitable subrogation priority over the federal tax liens. As mentioned above, relation back cannot occur even if such a right might be available under state law in equity. See 26 C.F.R. § 301.6323(h)-1(a)(2). Accordingly, the United States' Motion must be granted.

## 2. Remand

The United States removed the case to this Court under 28 U.S.C. §§ 1442, 1444, and 1446.[1] Now that the United States has been dismissed, the Court must decide whether to exert jurisdiction over what remains of this matter.

The Bank originally filed suit in the Circuit Court for Anne Arundel County. Presently, the case consists solely of state law claims against Maryland residents. Had the United States not been named in the original complaint, 28 U.S.C. § 1441(b) would have barred removal on the basis of diversity. The Court wishes to protect the Bank's interest in pursuing the case in the forum it originally chose. Moreover, "because only state law claims remain, those claims should, in the interests of comity, be heard by [the state court], which has greater familiarity with the unique questions of state law currently in dispute." Woolf v. Mary Kay, Inc., 176 F. Supp. 2d 654, 660 (N.D. Tex. 2001). Accordingly, the Court will direct the parties to jointly prepare a remand order.

## III. Conclusion

For the reasons stated above, the Court will GRANT the United States' Motion and DIRECT the parties to prepare a remand order.

/s/
Benson Everett Legg
United States District Judge

---

[1] Under 28 U.S.C. § 1442, a civil action brought against the United States on account of the collection of the revenue may be removed "to the district court of the United States for the district and division embracing the place wherein it is pending." 28 U.S.C. § 1442(a)(1). Under 28 U.S.C. § 1444, "[a]ny action brought under 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending." 28 U.S.C. § 1444.